IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:12-709-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Walter Ralph Wood, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Walter Ralph Wood's ("Wood") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

On December 18, 2012, Wood pled guilty to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C § 922(g) and one count of possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(e). On April 12, 2013, Wood was sentenced to 152 months' imprisonment. Wood did not appeal his conviction or sentence. Wood filed the instant § 2255 motion on August 21, 2014,[1] arguing that his counsel rendered ineffective assistance by failing to object to Count Three of the indictment as duplicitous. (Mem. Supp. § 2255 Mot. 3, ECF No. 39-1.)

Upon review, the court finds that Wood's motion is time-barred. A federal inmate seeking habeas relief under § 2255 is subject to a one-year statute of limitations. The one-year period to file a § 2255 motion commences upon the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

>    is removed, if the movant was prevented from making a motion by such
>    governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme
>    Court, if that right has been newly recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could
>    have been discovered through the exercise of due diligence.

§ 2255(f). Judgment was entered on April 12, 2013. Because Wood failed to pursue a direct appeal, his conviction became final fourteen days after entry of judgment. See Fed. R. App. P. 4(b)(1)(A). However, Wood waited until August 21, 2014, to file the instant motion. Further, there is no basis for the application of § 2255(f)(2), (3), or (4). All of the facts supporting Wood's claims were available to him prior to trial and there was no alleged impediment to filing a timely motion. Further, Wood does not rely on any new rule of law that has been made retroactive to cases on collateral review. Based on the foregoing, Wood's motion is time-barred.

However, generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707. A movant is entitled to equitable tolling of § 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing. Holland v. Florida, 560 U.S.

2

631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling may apply to Wood's claim of ineffective assistance of counsel.

Therefore, it is

**ORDERED** that Wood has ten (10) days from the date of this order to explain how equitable tolling salvages his ineffective assistance of counsel claim in his § 2255 motion.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
September 3, 2014